G. H. A. KUNST, Judge.
This case was on the docket of the court at the October term 1942, and set for hearing November 20, 1942, at the court house at Clarksburg, West Virginia.
At that time claimant did not have his witnesses present and moved for a continuance. The state’s witnesses being present, it was stipulated that respondent should introduce its evidence and that claimant should introduce his evidence at the next term of the court.
The evidence of respondent’s witnesses, John P. Marshall and Charles H. Davis, was: That at about five o’clock on the evening of Monday, the 28th day of October 1940, on state highway no. 20, under the control and jurisdiction of respondent, at Quiet Dell, on a bridge near Quadrille Inn, in Harrison county, about three miles from Clarksburg, West Virginia, the truck of claimant, loaded with heavy logs and driven by Virl Stemple, ran into the rear end of a truck, with lime spreader attached, belonging to respondent; that Marshall was driving respondent’s truck and Davis was sitting on the lime spreader controlling its discharge of lime dust, which was being placed on the middle section of the road; that the shock of the collision threw Davis into the radiator of claimant’s truck and severely injured him; and that the truck of respondent was being driven in a lawful manner at a speed of about eighteen miles an hour and did not suddenly stop on the bridge as alleged in claimant’s petition and stated by Virl Stemple in his signed statement, but was continuing at the same speed when struck by claimant’s truck and that the collision was due to the negligence of claimant’s driver.
Evidence of Norris Greitzner, an insurance adjuster, was that he had made an adjustment, based on another adjuster’s *311 report, for the Buckeye Union Casualty Company of Columbus, Ohio, in which claimant held a policy for personal property and personal injury damage, with Mr. Davis and respondent, and that the insurance company had paid in connection with personal injury to Mr. Davis the sum of $1535.50, and to respondent for injury to its truck and lime spreader, the sum of $45.78.
Respondent introduced the evidence of M. F. Jordon, a member of the state department of public safety for Harrison county, who made an investigation of the case soon after it occurred, took the signed statements of all the witnesses and showed the location of trucks on the bridge after the collision and filed his report as an exhibit with his evidence.
At the January term, 1944, of the court, F. N. Alderson, an attorney, appeared and announced claimant’s death, and filed a copy of an order of the county court of Barbour county appointing decedent’s wife, Jennie Canter Sandridge, as executrix of his estate, and upon the attorney’s motion the case was revived and ordered to be carried on in the name of said executrix as claimant, and said attorney moved for a continuance, but failing to show grounds for continuance, the case having been set for hearing at four previous terms and there having already been four continuances granted to claimant and full opportunity given claimant to introduce his evidence, the case was submitted without argument or briefs.
No evidence of negligence of respondent having been shown, no award is made and the case is dismissed.